No CV30

No CV71

# District Court of the United States

## for the

## Central District of California



FILED
CLERK, U.S. DISTRICT COURT
11/15/23
CENTRAL DISTRICT OF CALIFORNIA
BY: __CS__ DEPUTY

|  |  |
|---|---|
| **Kristen Michelle Lee Joseph, Plaintiff** | ) ) ) |
| v. | ) |
| **Los Angeles County, Superior Court of California in the County of Los Angeles, Housing is Key, United States and California Grant Program, Department of Children and Families of Los Angeles, Anthony Houlgin, Claudia Houlgin, Louis Corrado, and Unkown Owners, Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) |
| v. | ) |
| **A Port commonly known as 5434 Premiere Avenue in Lakewood California and Cargo, and the Vessel commonly known as "Wrigley Lou Joseph" under the Citizenship of the United States, Defendants** | ) ) ) ) ) ) ) ) ) |

CV23-9709-JAK(RAOx)

**Civil Action No.:**

Please see all relevant State Actions:

Holguin v. Joseph Case#: 23NWUD00203

In re Wrigley Case#: 21CCJP00852A

**A Complaint in Admiralty for Attachment in Personam (in Rem /Quasi in Rem) and to prevent an Unlawful Taking, Forfeiture, and or Prize by Defendants and Further Complains for Breach of Contract Twice.**

### NATURE OF THE CASE

1. Plaintiff brings this case as it involves her lawful child taken by Defendants in Conjunction with each other either unlawfully or in Admiralty and thus plaintiff sues for his return.

2. Plaintiff further entered into a lease that Defendants did not honor the terms and have evicted her unlawfully as they brought a case without jurisdiction and no evidence and forced her from her port *(home)* that she rented and paid for in full without just cause. Plaintiff thus sues for estoppels for specific performance and the right to live in and enjoy the property she contracted for.

3. Such other matters appurtenant to this action. Plaintiff is doing her best to raise the issues herein in this complex manner. I ask the Court to bear with me as this is not easy.

### JURISDICTION

4. Jurisdiction is based upon Article III section 2 of the Constitution of the United States.

5. Jurisdiction also falls under Article IX of the Bill of Rights more commonly known as the Seventh Amendment to the Constitution of the United States.

6. Jurisdiction appears to be specifically under 28 U.S.C. §1333.

### VENUE

7. The district court in the Central district of California is the proper venue under §1391(b)(2) as the underlying acts and injuries complained of happened primarily if not totally in this district.

8. Venue is further proper under 28 U.S. Code §1346.

## PARTIES

**A. Plaintiff**

9. Kristen michelle lee Joseph, a live and natural person who appears to be in part in the capacity of a seaman under 46 USC§10101.

**B. Defendant(s)**

10. Los Angeles County is a Municipal Corporation that is responsible for all the acts that the government actors that have wrongfully engaged plaintiff in state law.

11. Superior Court of California in the County of Los Angeles where unlawful actions against Plaintiff occurred.

12. Department of Children and Families in the county of Los Angeles – the county agency that has taken plaintiffs son and has apparently done so in Admiralty.

13. Anthony Holguin – The former owner of the House and Port that Plaintiff rented. He struck a bargain with and honored.

14. Claudia Houlgin – The wife of Anthony Hougin who brought false case

15. Unknown Owner of Plaintiffs rental – Plaintiff does not know who owns the property that she lives at. She brought the case against her.

16. Unknown DOES who may have been part of this process and Plaintiff is not aware of or their part in this incident. Plaintiff will add them as is appropriate.

17. All Defendants are sued in their individual and personal capacities.

**C. Defendant(s) in Property**

18. 5434 Premiere Avenue in Lakewood California and Cargo – This is the House and Port that plaintiff has rented and was removed from and the property she has in there.

19. The Vessel commonly known as "Wrigley Lou Joseph" under the Citizenship of the United States. He is the natural child of plaintiff that has been wrongfully taken from her for nearly 3 years.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. This matter effectively has three parts. The first relates to her home Port. The second relates to Grants and Promises made to Plaintiff that have not been carried out and thus have harmed her. The final relates to her child as a vessel. He was unlawfully taken. The state brought a case under the guise of a proceeding known as a Dependency Case. Dependency matters fall under the California Welfare and Institutions Code. The state court is clearly ignoring the rules set forth under the California Welfare and Institutions Code as well as state rules governing due process. It is clear that they can only justify their actions under the guise of propriety, but acting surreptitiously in admiralty, thus plaintiff raises this matter as an Admiralty case. Her son has a certificate of Birth with his name in all capital letters, which appears to hold him in commerce as per the Commerce Clause Article I Section 8 clause 3 of the Constitution for the United States of America. She seeks the immediate return of her child under this law as it is my right to do so in Admiralty and Chancery.

### Actions Relating to Libelants Home Port

21. The county of Los Angeles claims it has a shortage of affordable housing, and it is the county's amendments of the California State Covid-19 Tenant Relief Act (Assembly Bill 3088), AB 8, AB 3088, SB91; it is alleged those with Covid hardships will not be unconstitutionally deprived life, liberty, and property until the end of the extension of the above moratorium and bills.

22. Plaintiff has been domiciling in the property at 5434 Premiere Avenue Lakewood California [90712] for nearly 8 years. She entered a lease agreement and contract with Anthony Holguin, the alleged ""owner"" of said property in 2017 and updated this lease and agreement in 2021 to extend until April 2024. This was a bargain struck between plaintiff and Mr. Holguin.

23. In January 2023, Claudia Holguin, Wife of Anthony Holguin brought a claim against plaintiff (Unlawful Detainer) She has no proof of ownership, rights or interest in the property and has admitted as much. She does not have any contracts or lease or tenant/landlord relationship with plaintiff and never has.

24. She brought the claim against plaintiff in Anthony Holguins name absent any power of attorney or demonstrable document showing she had any interest in the property.

25. Plaintiff has been involved in a family law matter for over two years trying to get her son, who was wrongfully taken, due to the pandemic.

26. The state trial Court has gone out of their way to harm plaintiff and not live up to the standards of due process and equal protection.

27. Plaintiff also asserted her right to have the state court only consider State matters under the cases of *England v. Medical Examiners, 375 U.S. 411 (1964); Government Employees v. Windsor, 353 U.S. 364 (1957); and Jennings v. Caddo, 531 F.2d 1331 (5th Cir. 1976).*

28. The state court has allowed for a forged unlawful detainer matter in opposition to due process of law on several levels. Most flagrant is taking advantage of her disabilities including C-PTSD which limits her ability to have full and effective access to the legal process.

29. Now then, Plaintiff has paid her landlord (ANTHONY HOLGUIN) and kept her bargain with him and the contract has been honored by both parties.

30. During the pandemic time, plaintiff, who works as a wedding photographer did not have a regular work schedule as she had in the past. Her income had faltered yet she still found ways to ensure rent was paid. Due to the seizure of her young son, however caused by lack of services due to the pandemic, she did fall behind in rent payments from time to time. Plaintiff had worked out a deal

to catch up on arrears also due to the pandemic, with her landlord to pay and catch up as she was able. The Landlord accepted rent throughout the month in payments.

31.     Plaintiff had also filed for and was granted a covid relief grant for housing. The grant was from the state of California Federal Program, Housing is Key and the grant never came, but the $20,000 or so would have made her current on all of her bills. Plaintiff believes that agents of Los Angeles County are preventing the check from going to her. The check is in an unknown "escrow" account, but she cannot access it.

32.     A little over  a year ago plaintiff learned that her landlord was on Megan's law list and had a past with acts of a lewd and lascivious acts of oral copulation with achild(ren)under the age of majority and never disclosed this as required. This man owns several properties that he rented out to various people. Plaintiff more recently learned that her landlord was prosecuted for putting video cameras in some of his tenants properties to record them for unlawful purposes.

33.     This caused severe fear and concern in the plaintiff left to speculate if the same had been done to her and or her child.

34.     Plaintiff then herself endured sexual advances and then caught the landlord filming down her dress to her exposed breasts as she knelt to grab something. Plaintiff by information and belief asserts that the County of Los Angeles has likely taken ownership of the property or intends to do so and thus controls the property., . However, they have sent the former principle's wife to collect rent from her as though she owns it and yet has no proof of ownership (which would be easy to get and prove if her husband actually owned the property.)

35.     She is not honoring the agreement that plaintiff made with the owner and has no firsthand knowledge of them either. The County through its agents are retaliating against Plaintiff.

36. A mock trial has been set up by the Superior Court of Los Angeles where the Court has brought plaintiff into false hearings when the Commissioner has no jurisdiction at all.

37. Plaintiff has not been able to get a jury trial. She fully asserts in this court that she has that right not only under the California Constitution but the Federal one as well.

38. The Court is taking advantage of Plaintiffs disabilities causing severe detriment and harm by railroading her during the hearings, disconnecting her intentionally from video hearings, speaking quickly and loudly triggering her, and not giving her the opportunity to respond. This in turn causes plaintiff to be symptomatic and shuts her down.

39. In January 2023, a 3 day notice to pay or quit was left in a puddle of mud by the front door. It instructed to pay the landlord, ANTHONY HOLGUIN at his home address between Monday-Friday in which plaintiff attempted to no avail later finding he was now in prison.

40. In February 2023, Plaintiff was served with eviction proceedings through the mail seeking disputed rental amounts.

41. Plaintiff alleges eviction proceedings contained procedural and material defects violating due process.

42. The case hearings were on court call and plaintiff did not have to go to the court in person. However Plaintiff alleges the presiding commissioner engaged in misconduct including yelling, interrupting Plaintiff, and prematurely disconnecting/logging Plaintiff out of remote hearings at nearly every hearing in the matter.

43. Plaintiff claims procedural irregularities occurred during eviction proceedings throughout the matter in a similar fashion.

44. No one attempted to help get the Covid relief funds that she had extensive evidence of garnering that would settle the disputed back rent.

45. Plaintiff had provided declarations of covid rent distress and made multiple agreements with landlord on repayment and future payments of rent in good faith, following guidelines for Covid protections.

46. Landlords wife and Father (Louis Corrado) have no first hand knowledge of any facts or agreements between landlord and tenant (Anthony and Kristen)

47. Plaintiff brings this case to garner injunctive relief and monetary damages

### Actions Relating to the taking of Minor Child Wrigley Joseph.

48. Plaintiff incorporates the preceding allegations and further alleges:

49. Plaintiff had her son, who is a Vessel, he has a Birth Certificate and due to this, he is apparently treated as Commerce under Article I Section 8 clause 3 and thus falls under Admiralty.

50. On February 19, 2021, The Department of Children and family Services (Hereinafter "DCFS") took Plaintiffs son based upon false information.

51. The Court and the agencies who brought the case did not follow their own rules or procedures. She had untrained attorneys foisted upon her despite her objection to such. None of the evidence brought against her was cross examined, the persons who brought the fictitious petition were not available to cross examine, and thus there was no foundation at all.

52. The State Law in place showed they needed to either return her child or take her parental rights away in two years. They did neither and simply started the process over anew with no authority in state law allowing for such.

53. The Court did not follow local rules or state laws that govern the process. The court still does not.

54. Plaintiffs child is a living person and she has a claim and the process for which he was taken is unlawful. She asks that he be located and taken into protective custody until this matter is heard and resolved entirely as In Personam (In Rem and in Quasi Rem) cases go.

## CAUSES OF ACTION

### First Cause of Action

Injunctive Relief

Against All Parties

55. Plaintiff incorporates the preceding allegations and further alleges:

56. Plaintiff has been removed from her home that she has a lawful lease on and has her property in it.

57. Plaintiff seeks an immediate Restraining order to stop the destruction and removal of her property from the House and Address.

58. Plaintiff seeks restoration of the lease agreement she did not willfully forfeit so that she can pack the 4 bedrooms of her property without exacerbating her complex post traumatic stress disorder

### Second Cause of Action

Notice Pleadings

Against All Parties

59. Plaintiff incorporates the preceding allegations and further alleges:

60. Plaintiff is not well versed in Admiralty, but it appears that the rest of the Federal Rules of Civil Procedure are relevant to these form of pleadings just as the Special Rules therein.

61. Plaintiff asserts the case of Johnson v. City of Shelby, 574 US 10 (2014) and notes that she has plead enough facts that it can reasonably be understood what has happened in these circumstances and that she does not need to necessarily raise causes of action as she merely needs to plead facts that show that "the pleader is entitled to relief" (See Johnson v. City of Shelby (*Supra*)).

62. Plaintiff will attempt to plead out more causes of action based upon the facts and admiralty law itself

### Third Cause of Action

Specific Performance

Against **Housing is Key, United States and California Grant Program,**

63. Plaintiff incorporates the preceding allegations and further alleges:

64. Plaintiff is the winner of a Federal State Grant that amounts to $20,681.88 or more dollars that has never been turned over to her though she has letters showing she was granted this.

65. Plaintiff moves to have this money actually sent to her or in alternate a mandate to the correct agency to investigate its whereabouts

### Fourth Cause of Action

In Personam Garnishment and Taking, Violating the 8th Amendment

Against All Corporate Defendants

66. Plaintiff incorporates the preceding allegations and further alleges:

67. Plaintiffs child, a Vessel, Wrigley Joseph, for which she has a bond and a motherly interest in and a property interest in has been taken unlawfully and in violation of the 8th Amendment.

68. Plaintiff seeks his return by order.

### **PRAYER**

Wherefore plaintiff prays the court to grant the following relief:

A. Plaintiff requests a Restraining Order so she can return to her home.

B. Plaintiff requests all costs and damages for removing her from the house including hotels daily.

C. Plaintiff asks that all monies promised to her from Housing is Key be turned over.

D. For her Son, the Vessel, Wrigley Lou Joseph to be garnered and then returned to her in all due and appropriate haste.

Respectfully Submitted,

Date  November14, 2023

By: _____

**Kristen Michelle Lee Joseph**
5434 Premiere Avenue
Lakewood California [90712]
Mommyandwrigley@gmail.com
Tel. (562) 314-8111
*Self Represented*

### Verification

I declare under penalty of perjury that the foregoing is true and correct.

Date  November 14, 2023

By: _____

**Kristen Michelle Lee Joseph**
5434 Premiere Avenue
Lakewood California [90712]
Mommyandwrigley@gmail.com
Tel. (562) 314-8111
*Self Represented*